REGAN, Judge.
The plaintiff, Mrs. Anna Donnaway Dill'enkoffer, wife of John Dillenkoffer, instituted this suit against The Travelers Insurance Company, endeavoring to recover the sum of $9,000 for personal injuries incurred on March 4, 1951, at about 11:00 a. m. as a consequence of being struck on the head and shoulder when a heavy unhinged glass door, encased in a steel frame, fell upon her.
Defendant answered and denied that its insured or its employees were guilty of any negligence which in any way caused or contributed to the accident and, in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment in favor of plaintiff awarding her the sum of $250, plaintiff prosecutes this appeal. The defendant has answered the appeal pointing out that the judgment of the lower court is contrary to the law and evidence and should, therefore, be reversed.
The record reflects that plaintiff, a housewife forty-seven years of age, entered the Canal Street doorway of the Woolworth store, located in Canal and Rampart Streets; as she walked inside, a few feet removed from the entrance thereof, one of the double glass swinging doors, weighing 158 pounds, which was being “shimmed up” to avoid “drag” by an employee of the insured, accidentally fell inward and to the floor striking her on the side of the head and shoulder. Shortly thereafter, plaintiff reported the accident to Miss May Hote, Office Manager of the Woolworth Company who, after observing a “slight pinkish cast on the left side of her head,” requested that she visit Dr. Geismar for an examination. During the course of examination he found a “rounded elevation on the left parietal region of her scalp.” In the exercise of caution he requested that she visit Dr. Leon Menville for the purpose of having an X-ray taken of this region of her scalp, which was negative as to bone injury.
Plaintiff produced no witnesses who stated that they saw the falling door strike her and all of the defendant’s witnesses, who observed the occurrence, testified that either they saw the door in the process of falling or immediately after it fell and that, in their opinion, no one was struck thereby; although two of the three witnesses stated that a few seconds after the door fell they heard plaintiff say that she was hurt.
Plaintiff contends that she sustained a “lump” on the side of her head which manifested itself on the day following the accident and she insists that she suffered continuously with headaches, loss of vision in the left eye and some injury to her ears and, therefore, the award of $250 by the trial court was completely inadequate.
The defendant maintains that plaintiff has not proven, by a preponderance of the evidence, that the door struck her and caused the slight elevation on her scalp which the lower court apparently found was the only item of damage which she had proved.
Doctors S. Geismar, John B. Gooch and George L. Smith all testified on behalf of plaintiff. The only conclusion which we drew from their testimony was that plaintiff suffered, in consequence of the accident an innocuous elevation on the left side of her scalp.
Obviously the case poses for our consideration only questions of fact and they are whether plaintiff was struck by the door which fell inside of the entrance to the Woolworth store, and if so, was she guilty of any negligence which contributed, in the final analysis, to the cause of the accident.
The trial judge resolved these questions of fact in favor of plaintiff and awarded her the sum of $250 as compensation for the injuries which she suffered by virtue of the accident and our careful ex- *337 animation of the environmental characteristics of the incident, together with both the lay and medical testimony contained in the record fails to disclose any error of fact or quantum in his conclusion.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.